# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr.A. No.: 1307009361 |
| | ) | |
| | ) | |
| | ) | |
| DESMOND HOPKINS | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: March 3, 2016
Decided: March 11, 2016

Eric Zubrow, Esquire
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
*Attorney for the State of Delaware*

James Turner, Esquire
Assistant Public Defender
Office of the Public Defender
900 N. King Street
Wilmington, DE 19801
*Attorney for Defendant*

## MEMORANDUM OPINION AND ORDER ON
## DEFENDANT'S MOTION TO DISMISS

Desmond Hopkins ("Defendant") brings this motion for a dismissal of the charges pending against him on the grounds that his right to a speedy trial has been violated by repeated trial delays. Defendant filed this Motion to Dismiss (the "Motion") on February 12, 2016. On March 3, 2016, the Court heard oral argument from both Defendant and the State, and reserved its decision. This is the Court's decision on the Defendant's Motion to Dismiss.

# PROCEDURAL HISTORY

On July 12, 2013, Defendant was arrested and subsequently charged with Driving While Suspended or Revoked, in violation of 21 *Del. C.* § 2756(a), Turning Without Signaling, in violation of 21 *Del. C.* § 4155, and Driving Under the Influence ("DUI"), in violation of 21 *Del. C.* § 4177. The case was filed in this Court on August 8, 2013. Defendant failed to appear for Arraignment on September 6, 2013, and the Court issued a capias.

On September 16, 2014—one year later—the capias was returned. Defendant appeared for Arraignment, pled not guilty, and waived his right to a jury trial.

On November 19, 2014, at Defendant's first scheduled DUI case review, both the State and Defendant requested that the case review be continued to December 12, 2014.[1] At Defendant's next scheduled DUI case review, Defendant demanded a jury trial, and trial was scheduled for March 16, 2015.

On March 16, 2015, prior to trial, the State requested a continuance in order to determine whether Defendant's misdemeanor charges could be upgraded to felony charges. Therefore, the Court scheduled a preliminary hearing for March 24, 2015.

On March 24, 2015, however, Defendant requested a continuance, and the preliminary hearing was continued for another week. On April 1, 2015, Defendant executed a preliminary hearing waiver, and on April 2, 2015, the case was transferred to and accepted by Superior Court. Ultimately, the case returned to this Court on July 14, 2015.

Once this Court accepted the matter, Defendant's second Arraignment was scheduled for October 27, 2015; however, the Docket reflects that Arraignment was re-scheduled for November 17, 2015 for consolidation and judicial review purposes.

---

[1] Although Defendant claimed that this continuance was at his request, the Docket reflects that both parties requested this continuance.

On November 17, 2015, Defendant pled not guilty and waived his right to a jury trial. Subsequently, at his DUI case review on January 7, 2016, Defendant demanded a jury trial. The Court scheduled trial for March 16, 2016.

On February 12, 2016 Defendant filed the present Motion, and on March 3, 2016, the Court heard oral argument on the Motion.

## PARTIES' CONTENTIONS

Defendant argues that the repeated trial delays have violated his right to a speedy trial. Defendant concedes that the delays in this matter are attributable to both parties, however, Defendant argues that the State's delay has occurred over the past year and a half, whereas his delay, with the exception of one month, occurred prior to his first scheduled Arraignment. Defendant also calculated the length of delay that each side is responsible for, arguing that delays attributable to the State amount to sixteen months, which is one month longer than the length of delay attributable to Defendant. Next, Defendant argues that the State improperly "shuttled his case through different courts," which caused him "significant anxiety."[2] Defendant claims that the State had a duty to prosecute the case without delay, and highlighted the fact that "[s]everal eyes had an opportunity" to determine where the case belonged. Ultimately, Defendant requests that the Court dismiss the charges against him pursuant to his right to a speedy trial under the Sixth Amendment as well as *Court of Common Pleas Criminal Rule* 48(b).

The State argues that Defendant's right to a speedy trial has not been violated, and maintains that the length of the delay is not unreasonable given the nature of the case. The State argues that the initial delay of one year weighs heavily against Defendant because he failed to appear for his first Arraignment in this Court. Moreover, the State contends that the delay in determining whether this case should be tried in this Court or in Superior Court does not weigh

[2] Def.'s Mot. p. 5.

3

against them. The State also argues that Defendant has failed to timely assert his right to a speedy trial considering that this is the first time he raised this issue of delay. Finally, the State avers that Defendant has not proffered any substantial argument as to why he has been prejudiced by this delay, as he is not incarcerated and is not experiencing any anxiety and concern different from any other person facing criminal charges.

## DISCUSSION

The Sixth Amendment to the United States Constitution, as applied to the States through the Due Process Clause of the Fourteenth Amendment,[3] provides, in pertinent part, that "the accused shall enjoy the right to a speedy and public trial" in all criminal prosecutions.[4] This constitutional right is also included in Article I, Section VII of the Delaware Constitution.[5] Additionally, *Court of Common Pleas Criminal Rule* 48(b) governs dismissal of criminal actions filed in this Court, and grants the Court authority to dismiss the Information if the Court finds that there has been an unnecessary delay in bringing a criminal defendant to trial.

In *Barker v. Wingo*, the United States Supreme Court set forth a balancing test for courts to use when determining speedy trial claims.[6] Under the *Barker* test, courts analyze and weigh the conduct of both the prosecution and the defendant by considering four factors: "(1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of the right to a speedy trial, and; (4) prejudice to the defendant."[7] No single factor is dispositive, "[r]ather, they 'are related factors and must be considered together'" with the specific facts that are relevant to the case.[8]

---

[3] *Klopfer v. North Carolina*, 386 U.S. 213, 222-23 (1967).
[4] U.S. CONST. amend. VI.
[5] DEL. CONST. art. I, § 7.
[6] *Barker v. Wingo*, 407 U.S. 514, 530 (1972).
[7] *Id.* at 407 U.S. at 530.
[8] *Middlebrook v. State*, 802 A.2d 268, 273 (Del. 2002) (citing *Barker*, 407 U.S. at 533).

4

Therefore, the Court will analyze each factor separately, and then carefully balance the factors to determine whether Defendant's right to a speedy trial was violated.

### A. Length of Delay

The first factor that the Court must consider is the length of delay. A defendant's right to a speedy trial attaches when the defendant is either arrested or indicted, whichever occurs first.[9] Unless the amount of time between the arrest (or indictment) and the trial is "lengthy enough to be presumptively prejudicial," the Court does not have to consider the remaining *Barker* factors.[10] The Delaware Supreme Court has found that "if the delay between arrest or indictment and trial exceeds one year, the Court generally should consider the other *Barker* factors.[11]

The delay in his matter is lengthy enough to be presumptively prejudicial because the length of delay exceeds one year. Defendant was arrested on July 12, 2013. Trial, after being continued, is currently scheduled for March 15, 2015. Therefore, this first factor weighs in favor of Defendant, and triggers a full *Barker* analysis.

### B. Reason for Delay

Next, the Court considers the reason for delay, which is critical to the *Barker* analysis because it is often indicative of whether the defendant will prevail on the speedy trial claim.[12] In considering and assigning weight to the reason for delay, the Court looks at the parties' conduct and the particular circumstances of the case.[13] If the State causes a delay in order to intentionally obstruct the defense, the reason for delay will weigh heavily against the State.[14] Delays caused by "negligence, overcrowded courts, or excessive caseloads on prosecutors" are

---

[9] *Id.* at 273.

[10] *Hicks v. State*, 26 A.3d 214 at *2 (Del. 2011) (TABLE).

[11] *State v. Sells*, 2013 WL 1654317 at *2 (Del. Com. Pl. April 17, 2013) (citing *Cooper v. State*, 32 A.3d 988 at *7 (Del. 2011) (TABLE).

[12] *Id.* at *3 (citing *Bailey v. State*, 521 A.2d 1069, 1081 (Del. 1987)).

[13] *Id.* at *3.

[14] *Middlebrook*, 802 A.2d at 274 (quoting *Barker*, 407 U.S. at 531).

also attributable to the State because "the defendant has no influence over the decisions necessary to reduce a backlog in the courts or the caseloads of individual prosecutors."[15] Although these delays are considered to be neutral,[16] they still "[fall] on the wrong side of the divide between acceptable and unacceptable reasons for delaying criminal prosecution once it has begun."[17]

In this case, the delays are attributable to both the State and Defendant. Significantly, Defendant is responsible for the first delay—which was a delay of one year—because he failed to appear for his Arraignment, which was scheduled for September 6, 2013. When Defendant failed to appear, the Court issued a capias, which was not returned until September 16, 2014. This first and lengthy delay therefore weighs against Defendant.

The Docket reflects that the next delay occurred when both parties requested a continuance of Defendant's DUI case review, which was scheduled for November 19, 2014. This second delay is attributable to both parties, however, the Court will consider this delay to be neutral because the reason for the continuance request was neither docketed nor otherwise provided to the Court.

The third delay is attributable to the State. Trial in this matter was originally scheduled for March 16, 2015, however, the State requested a continuance in order to determine whether Defendant's charges could be upgraded to felony charges. At that point in these proceedings, the State had Defendant's file for at least eight months, which "is ample time to read a file, review evidence and make appropriate determinations as to what type of charges to bring forth."[18]

---

[15] *Key v. State*, 463 A.2d 633, 636 (Del. 1983).
[16] *Middlebrook*, 802 A.2d at 274.
[17] *Id.* at 274 (*quoting Doggett v. United States*, 505 U.S. 647, 657 (1992)).
[18] *Baker v. State*, Del. Super., C.A. No. 0803038600, Babiarz, Jr., J. (Dec. 16, 2009).

Essentially, the State's decision to bring Defendant's charges to Superior Court delayed this matter one year. Therefore, this delay weighs against the State.

The fourth delay, which occurred less than ten days after the third delay, is attributable to Defendant. When the State requested a continuance of the March 16, 2015 trial date, the matter was scheduled for a preliminary hearing on March 24, 2015. Defendant requested a continuance of the hearing, and the hearing was continued to April 1, 2015, at which point, Defendant executed a preliminary hearing waiver. This delay weighs against Defendant albeit slightly considering the length of the delay.

The fifth delay is attributable to the State, as the Court re-scheduled Defendant's second Arraignment for consolidation and judicial review purposes. Although this delay weighs against the State, the Court considers it to be neutral.

The Court finds that the second *Barker* factor—the reason for delay—weighs against both parties equally. Both parties have individually delayed this matter for a year. These two year-long delays (the first and third delays), although significant, weigh equally against them. The second and fifth delays are neutral and do not weigh against either party. The fourth delay, which was attributable to Defendant, weighs slightly against him. Therefore, the Court finds that this second factor is neutral or weighs slightly against Defendant.

## C. Defendant's Assertion of the Right to a Speedy Trial

"If and when a defendant asserts his rights are factors of considerable significance in determining whether there has been a speedy trial violation."[19] A defendant's failure to assert the right "will make it difficult for a defendant to prove that he was denied a speedy trial."[20] Therefore, while there is no statutory proscribed time frame that precludes a defendant from

---

[19] *Bailey*, 521 A.2d at 1082.
[20] *Middlebrook*, 802 A.2d at 275.

asserting his right to a speedy trial, the defendant nonetheless has "some responsibility to call attention to what he views as an unfair postponement."[21]

In this case, Defendant asserted his right to a speedy trial on February 12, 2016. This was over two-and-one-half years after his arrest. However, at no point prior to the filing of this Motion did Defendant raise the issue of an unfair postponement, and therefore, his "apparent acquiescence to the delays and his silence until *this* [point in time] are significant."[22] Therefore, this third factor weighs against Defendant.

### D. Prejudice to the Defendant

Finally, in considering the fourth factor, the Court weighs the prejudice to the defendant in light of the interests that the speedy trial right aims to protect: "(1) preventing oppressive pretrial incarceration; (2) minimizing the anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired."[23] Although the Defendant in this case has only raised two interests in his motion, the Court will address all three.[24]

First, a defendant's constitutional right to a speedy trial is intended to protect an unjust, lengthy pretrial incarceration.[25] "[T]ime spent in jail awaiting trial by one presumed innocent until proven guilty often means loss of a job, disrupts family life, and enforces idleness," and "subjecting a defendant to these consequences is a serious matter."[26] The Defendant in this matter was not incarcerated. Thus, this first interest has not been impaired.

Second, the right to a speedy trial is also designed to minimize the anxiety of the defendant. Even if the defendant is not incarcerated prior to trial, he is presumed to be

---

[21] *Id.*

[22] *Page v. State*, 934 A.2d 891, 898 (Del. 2007) (emphasis added).

[23] *Sells*, 2013 WL 1654317 at *4 (quoting *Middlebrook*, 802 A.2d at 276).

[24] *See Middlebrook*, 802 A.2d at 276; *see also Bailey*, 521 A.2d at 1082.

[25] *Middlebrook*, 802 A.2d at 276.

[26] *Sells*, 2013 WL 1654317 at *4 (citations omitted).

8

prejudiced "by living under a cloud of anxiety" when there is a delay of trial.[27] However, the anxiety that the delay may have caused will not weigh in a defendant's favor unless the defendant has alleged "*excessive* concern or anxiety."[28] Here, Defendant maintains that the delay in this matter has caused him "significant anxiety." However, without *specifically* alleging how he has been experiencing *excessive* concern or anxiety due to these delays, the Court is unable to determine how the anxiety he is experiencing differs from any other person facing criminal charges. Additionally, during oral argument on the Motion, Defendant indicated that, as a result of having these pending charges, he has been unable to obtain employment. Since the delay has created this cloud of suspicion over Defendant, which is presumptively prejudicial, this second protected interest has been impaired.

Finally, the right to a speedy trial protects a defendant's interest in limiting the possibility of impairing the defense. The right to a speedy trial protects this interest "because the inability of a defendant [to] adequately prepare his case skews the fairness of the entire system."[29] While this kind of prejudice is particularly difficult to prove as "time's erosion of exculpatory evidence and testimony can rarely be shown,"[30] it is nonetheless the "most serious" type of prejudice.[31] Here, Defendant has not proffered any argument that his defense against his pending charges has been impaired.

Ultimately, the trial delays in this matter have impaired the Defendant's interest in minimizing his anxiety, as he is living under a cloud of suspicion, which is protected by the Sixth Amendment. Therefore, the fourth factor slightly weighs in Defendant's favor.

---

[27] *Middlebrook*, 802 A.2d at 277 (quoting *Barker*, 407 U.S. at 533).
[28] *Cooper*, 32 A.3d 988 at *8.
[29] *Downs*, 2014 WL 4929507 at *4
[30] *Sells*, 2013 WL 1654317 at *3 (citing *Doggett v. U.S.*, 505 U.S. 647, 655 (1992)).
[31] *Barker*, 407 U.S. at 532

### E. Balancing of Factors

In carefully balancing the *Barker* factors, the Court finds that Defendant's right to a speedy trial was not violated. Although the first and fourth factors—the length of delay and prejudice to defendant—weigh in favor of Defendant, the Court finds that in this particular instance, the second and third factors—the reason for delay and the timeliness of defendant's assertion of his right to a speedy trial—weigh against Defendant so much so that the balance does not tip in Defendant's favor.

### CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** this 11th day of March, 2016, that Defendant's Motion to Dismiss is **DENIED.**

Carl C. Danberg
Judge

cc:      Charmar Jones, Judicial Case Manager

10